FreeMAN, J.,
delivered the opinion of the court:
The question presented in this case is, whether, after a *152 judgment by default, by an administrator, to scire facias based on suggestion of devastavit to make sucb administrator personally liable, tbe fact of suggestion of insolvency of tbe estate can be interposed to defeat sucb personal liabilty.
It is well settled at common law tbat in sucb a case tbe personal liability would be fixed, the judgment being held conclusive evidence of assets. But, under our law for tbe administration of insolvent estates, it was settled, in 1844, in tbe case of Mosier et al. v. Zimmerman, 5 Hum., 65-6, tbat sucli a plea as we have stated was good against personal liability as for a devastavit, where it was interposed before sucb liability bad been fixed by judgment. This decision was based not only on the general provisions of the acts of 1833 and 1833 (now embodied in the Code), but also on the special provision contained in tbe fifth section of the act of 1838, providing, substantially, tbat although a judgment may have been rendered against t-be administrator before the estate bad been ascertained to be insolvent, yet be should not be made personally liable by reason of any false pleadings, if the estate be ascertained to be- insolvent before such liability is fixed upon him, and the: proper steps are taken to suggest tbe insolvency. See sec. 2394 of Code [Shannon's Code, sec. 4135].
It is true, there may be cases where tbe administrator would be precluded from the defense, as in Hamilton v. Newman et al., 10 Hum., 557, where tbe suggestion was made six years after administration was granted, and tbe representative bad paid out tbe personal assets on other debts, leaving judgments against him. In cases of this character, the defense would not be sustained. But we see nothing of the kind in the case before us, and bold tbe plea on its face, was good, and tbe court below erred in sustaining tbe demurrer to defendant’s plea.
Tbe judgment, will be reversed, and tbe cause remanded, to be proceeded with on tbe plea of defendant.